IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SE-KURE CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIAM USA, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| _____ | ) | |
| | ) | No. 06 C 4857 |
| POP DISPLAYS, USA, LLC (Successor in interest to Diam USA, Inc.), | ) ) | Judge Ronald A. Guzman |
| | ) | Magistrate Judge Susan E. Cox |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TELEFONIX, INC., | ) | |
| | ) | |
| Third-Party Defendant, | ) | |
| _____ | ) | |
| | ) | |
| TELEFONIX, INC., | ) | |
| | ) | |
| Cross-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SE-KURE CONTROLS, INC., | ) | |
| | ) | |
| Cross-Claim Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Susan E. Cox, Magistrate Judge

The matter before the Court is a motion filed by Se-Kure Controls, Inc. ("Se-Kure") to compel deposition testimony and documents relating to Defendant Diam USA, Inc.'s ("Diam")

advice of counsel defense. Se-Kure requests the Court compel: (1) the deposition of Opher Pail, as part of Diam's development team that decided Diam's product was "different" from the '590 Patent; (2) Daim to produce one or more Rule 30(b)(6) witnesses for deposition on the issue of Daim's purported reliance on the advice of counsel defense; and (3) all communications that relate to Charlie Kinne, Diam's trial counsel, and Kevin Erickson, Diam's opinion counsel, because Mr. Kinne provided materials to Mr. Erickson to review prior to his deposition. Se-Kure has withdrawn its initial request for items on Diam's privilege log. Se-Kure's motion is granted in part and denied in part, as outlined below [dkt 150].

## I. Background

Se-Kure accused Diam of patent infringement and has pleaded that the alleged infringement was willful. In May 2007 Judge Brown granted Diam leave to take limited discovery on the issue of whether it would rely on the 'advice of counsel' defense in response to that charge and required Daim to advise Se-Kure of its decision no later than June 13, 2007. Judge Brown, however, did not extend the June 8, 2007 fact discovery cutoff date. Instead, Judge Brown determined that discovery on the issue of advice of counsel could occur during the expert discovery period, which still remains open (but is expected to close by February 2008).[1]

On June 14, 2007, without extending fact discovery, Judge Guzman ruled that Se-Kure was allowed to depose the expert attorney opinion witness, "and if during the course of that deposition, other issues or witnesses or parties related to that issue, the expert [attorney's] opinion, come up,"

---

[1]Transcript of Proceedings at 12, *Se-Kure Controls, Inc. v. Daim USA, Inc.,* 06 C 4857 (May 17, 2007)(finding that the "referral from Judge Guzman on the defendants' motion to extend the disclosure of whether there was going to be reliance on the advice of counsel into the fact discovery phase as authority to me to make the decision to allow you to take discovery on that issue past the close of fact discovery.").

then Se-Kure could depose them as well.[2] Diam then produced Mr. Erickson, its opinion counsel, for deposition on July 3, 2007. Diam also produced its in-house counsel, Mr. Katcher, on August 14, 2007.

## II.    Waiver

Here, Federal Circuit law applies rather than the law of the Seventh Circuit because "the scope of waiver accompanying the advice of counsel defense" invokes substantive patent law.[3] When an accused patent infringer chooses to rely on the advice of counsel defense in response to a charge of willful infringement, that party waives the attorney-client privilege and work product protection.[4] The waiver applies to all "communications between the attorney and client, including any documentary communications such as opinion letters and memoranda."[5] The waiver of privilege does not, however, "give their opponent unfettered discretion to rummage through all of their files and pillage all of their litigation strategies."[6] The purpose of the work-product waiver, rather, is solely to inform the court of the infringer's state of mind.[7] The accused infringer also does not waive the attorney's own analysis over what advice will be given, but only waives privilege over those documents *referencing* a communication between attorney and client.[8] Because willfulness depends on an infringer's prelitigation conduct, in most circumstances, communications of trial

---

[2] Transcript of Oral Argument at 9, *Se-Kure Controls, Inc. v. Daim USA, Inc.,* 06 C 4857 (June 14, 2007).

[3] *In re Seagate Tech., LLC,* 497 F.3d 1360, 1367-68 (Fed.Cir. 2007).

[4] *In re EchoStar Commc'ns Corp.,* 448 F.3d 1294, 1302 (Fed.Cir. 2006).

[5] *In re EchoStar Commc'ns Corp.,* 448 F.3d at 1302.

[6] *Id.* at 1303.

[7] *In re EchoStar Commc'ns Corp.,* 448 F.3d at 1303.

[8] *Id.* at 1304 (emphasis provided).

counsel have little, if any, relevance.[9] Thus, trial counsel opinions and work product of trial counsel are not subject to waiver, absent exceptional circumstances.[10]

**III.    Analysis**

The ultimate dispute here is the proper scope of discovery. Because of Diam's decision to wait until fact discovery closed before deciding whether to rely on the advice of counsel defense, there is some amount of fact discovery that now must take place during the expert discovery phase. Judge Guzman already ruled on this issue. Diam, however, argues the discovery must be limited to the deposition of the attorney who prepared the non-infringement opinion at issue, Mr. Erickson, and Diam's in-house counsel who received and reviewed the opinion, Mr. Katcher. Those depositions already took place so Diam believes no further discovery is warranted. The Court will address Se-Kure's three disputed discovery requests in turn.

**A.    Deposition of Opher Pail**

Se-Kure claims because Mr. Pail provided technical information to Diam's opinion counsel, Mr. Erickson, and because Mr. Erickson could not recall particulars of their discussions when asked about their conversations, Mr. Pail should be deposed. The Court agrees. Judge Guzman ruled that if Se-Kure found other people that would need to be deposed, after taking the opinion giver's deposition, Se-Kure would be allowed to take their deposition as well. Se-Kure should, thus, be allowed to take Mr. Pail's deposition. Again, Se-Kure must limit the deposition to only issues relating to the expert opinion.

**B.    Rule 30(b)(6) Depositions**

---

[9]*In re Seagate Tech., LLC,* 497 F.3d at 1374.

[10]*Id.*

Apparently, prior to a change in Diam's counsel, Se-Kure understood that it could wait and take certain depositions after Diam had decided whether to rely on an advice of counsel defense, which was after the close of fact discovery. According to Se-Kure, the decision to wait on these depositions eliminated the possible need to depose certain witnesses twice. That decision by Se-Kure was already criticized by Judge Guzman, who denied Se-Kure's request to extend fact discovery.[11] Now Se-Kure argues any additional 30(b)(6) depositions will be limited to the "advice of counsel" issues. At the same time Se-Kure claims the witnesses that have already been provided by Diam simply have not, to Se-Kure's satisfaction, identified when Diam first became aware of Se-Kure's patent and further argues that Diam never complied with the original Rule 30(b)(6) notice.

The fact that Diam's witnesses have not answered the question of when they became aware of Se-Kure's patent only serves to undermine Diam's ability to rely on the advice of counsel defense during trial. In other words, it will be Diam that is prejudiced at trial if its witnesses do not know when they learned about the patent in suit. Mr. Pail's deposition may also provide the information Se-Kure is seeking; Mr. Katcher's deposition testimony provides that Mr. Pail was part of the development team that reviewed products in the marketplace and may have become aware of the '590 Patent.[12] So though the Court believes that Se-Kure should not be prejudiced because of Diam's decision to wait until after fact discovery closed before deciding to rely on an advice of counsel defense, Se-Kure's dissatisfaction with previous testimony does not warrant additional depositions at this stage in the litigation. Se-Kure has simply not convinced the Court that it needs

---

[11]Transcript of Oral Argument at 8, *Se-Kure Controls, Inc. v. Daim USA, Inc.,* 06 C 4857 (June 14, 2007)(commenting "I'm absolutely flabbergasted that knowing the discovery date is approaching, you failed to do anything to compel them to produce their witnesses before the discovery cutoff date.").

[12]Deposition of Scott Katcher at 74-76, *Se-Kure Controls, Inc. v. Daim USA, Inc.,* 06 C 4857 (August 14, 2007).

to take additional fact witness testimony on this issue.

**C.     Documents**

Se-Kure argues there are additional documents that Diam failed to provide, specifically, certain email attachments and CDs. The law provides that when an accused patent infringer chooses to rely on the advice of counsel defense, all "communications between the attorney and client, including any documentary communications such as opinion letters and memoranda" must be turned over.[13] Therefore, the correspondence between Mr. Erickson and Mr. Kinne that is relevant to the patent at issue, prior to this litigation being filed, must be produced. It appears Diam has no objection to producing the disputed documents because Diam claims it has already done so and, thus, the request is moot. Perhaps the best resolution is for Diam to either provide the requested documents to Se-Kure again or, as suggested by Se-Kure, prepare an affidavit explaining why they do not have the documents at issue.

---

[13]*In re EchoStar Commc'ns Corp.,* 448 F.3d at 1302.

### IV. Conclusion

Se-Kure's motion is granted in part and denied in part: (1) Se-Kure may depose Mr. Pail; (2) Se-Kure's request to take one or more Rule 30(b)(6) depositions is denied; and (3) Diam must provide Se-Kure the requested documents or prepare an affidavit explaining why they do not have the documents at issue. Further status set for February 27, 2008 at 9:30a.m.

**IT IS SO ORDERED**

**ENTERED: January 17, 2008**　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**