**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SE-KURE CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIAM USA, INC., | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| _____ | ) | |
| | ) | No. 06 C 4857 |
| POP DISPLAYS, USA, LLC (Successor in interest to Diam USA, Inc.), | ) ) | Judge Ronald A. Guzman |
| | ) | Magistrate Judge Susan E. Cox |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TELEFONIX, INC., | ) | |
| | ) | |
| Third-Party Defendant, | ) | |
| _____ | ) | |
| | ) | |
| TELEFONIX, INC., | ) | |
| | ) | |
| Cross-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SE-KURE CONTROLS, INC., | ) | |
| | ) | |
| Cross-Claim Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

The matter before the Court is a motion brought by plaintiff Se-Kure Controls, Inc. ("Se-Kure") to disqualify patent expert, George Gerstman, proffered by defendant Diam USA, Inc.

("Diam"). Diam retained Mr. Gerstman as its patent law expert to opine on patent procedure and the question of inequitable conduct. Se-Kure argues Mr. Gerstman's expert report lacks specialized knowledge or training on the fact questions at issue and should, thus, be stricken and Mr. Gerstman barred from testifying.

In January 2008, this same motion was before the Court in a related case, *Se-Kure v. Vanguard*, 02 C 3767. The Court denied that motion. Here, in denying this motion, we outline the same reasoning for doing so and note limitations on the scope of Mr. Gerstman's testimony [dkt 214].

**I.     Background**

Se-Kure has accused Diam of willfully infringing U.S. Patent No. RE 37,590 ("the '590 patent"), which is a reissue of U.S. Patent No. 5,552,771 ("the '771 patent"). The '590 patent is for a retractable sensor assembly for use with an alarm system to prevent theft of products while, at the same time, eliminating the problem of entangled cords.  These alarm systems are typical in most retail stores to allow consumers to pick-up and view hand-held electronic devices, such as cameras and cell phones, while preventing the theft of those devices. Se-Kure claims that the '590 patent security device replaced previous display systems that often included lengthy wires and made sales displays look unorganized.

In its complaint, Se-Kure claims that since the issuance of the '771 patent and the reissue of the '590 patent, it has been manufacturing, marketing and selling security systems covered by the patents and further alleges that it placed statutory notice of the respective patents on those devices. But Se-Kure believes Diam has also been manufacturing and/or selling retail merchandise security systems covered by the '590 patent and, thus, filed the instant action in 2006. Se-Kure claims -  as

part of its allegations against Diam - that Diam purchased recoilers from Telefonix, Inc. ("Telefonix"). Diam, therefore, filed a third-party complaint against Telefonix for indemnity in April 2007.

**II.    Analysis**

In support of its motion, Se-Kure argues that Mr. Gerstman intends to improperly opine on whether Se-Kure committed inequitable conduct by purportedly failing to disclose prior art. Se-Kure also disputes Mr. Gerstman's statements about certain facts, claiming that he improperly draws conclusions about intent and also attempts to interpret facts as opinion. Finally, Se-Kure argues that any testimony by Mr. Gerstman describing the United States Patent System, or procedure within the PTO, is irrelevant and improper.

Attempts by Mr. Gerstman to testify as to whether the '590 Patent is enforceable, whether Se-Kure committed inequitable conduct, or as to the level of intent behind any alleged failures to disclose prior art, is all inadmissable testimony. On the issue of inequitable conduct, there is a "duty of candor and good faith" on the part of an applicant that includes the "duty to disclose to the Patent Office all information known ... to be material to patentability."[1] The Federal Circuit Court of Appeals defines inequitable conduct as an "affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive."[2] Thus, to be guilty of inequitable conduct due to a "failure to disclose" a party must offer clear and convincing proof of: (1) prior art or information that is material; (2) knowledge of that prior art and its materiality chargeable to the applicant; (3) the applicant's intent to mislead the

---

[1] 37 C.F.R. § 1.56(a).

[2] *Molins PLC v. Textron, Inc.,*, 48 F.3d 1172, 1178 (Fed.Cir.1995).

PTO by failing to disclose the prior art or information.[3] For information to be material there must be a "substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent."[4] It is up to the district court to weigh the findings of materiality and intent to determine whether inequitable conduct was committed.[5]

Here, Diam asserts Mr. Gerstman's testimony as to inequitable conduct will assist the trier of fact and is, thus, admissible under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[6]

The law of the Seventh Circuit Court of Appeals governs this motion, as opposed to the law of the Federal Circuit, because the admission of expert testimony is a procedural matter not unique to patent law.[7] Whether to admit expert testimony is determined by the district court and, as provided for by Rule 702, testimony may be excluded if the testimony will not assist the trier of fact or is not sufficiently reliable. Also inadmissable is expert testimony as to legal conclusions that will

---

[3] *FMC Corp. v. Manitowoc Co., Inc.,* 835 F.2d 1411, 1415 (Fed.Cir. 1987).

[4] *Refac Int'l, Ltd. v. Lotus Dev. Corp.,* 81 F.3d 1576, 1581 (Fed.Cir. 1996).

[5] *Revlon Consumer Prod. Corp. v. L'Oreal S.A.,* 1997 WL 158281, *1 (D.Del.).

[6] Fed. R. Evid. 702.

[7] *See Golden Blount, Inc. v. Robert H. Peterson Co.,* 438 F.3d 1354, 1358 (2006).

determine the outcome of the case.[8] Nonetheless, the district court has "wide latitude in the kinds of aids, including testimony of witnesses, employed to assist in the job of claim interpretation as a matter of law."[9] Further, a patent lawyer may testify in a patent suit and any lack of technical expertise merely goes to the weight of the expert's testimony, not its admissibility.[10] The court has discretion to adopt an expert legal opinion as its own, find guidance from it, to ignore it, or to exclude it entirely.[11]

As stated above, Mr. Gerstman's statements that he expects to testify about Se-Kure's failure to comply with its duty of disclosure, resulting in equitable conduct, is simply inadmissable. It is a basic principle that the duty of the district court is to explain the law. Testimony by a witness, therefore, is limited to opinions based on facts, but may not include legal conclusions. Mr. Gerstman is also not a mind-reader. He may not testify that he knows Se-Kure's intent to hide certain information nor may he testify that he knows Se-Kure lied about certain information. Also inadmissible are Mr. Gerstman's long explanations of rules and legal definitions.

Mr. Gerstman is permitted to testify about general procedures involved in the patent application process and the operations and functions of the PTO. This type of testimony can be helpful to the fact-finder.[12] As an attorney with 40 years experience in patent law and as a former

---

[8] *Good Sheperd Manor Foundation, Inc. v. City of Momence,* 323 F.3d 557 (7th Cir. 2003).

[9] *Endress + Houser, Inc. v. Hawk Measurement Sys. Pty., Ltd..,* 122 F.3d 1040, 1042 (Fed.Cir. 1997).

[10] *Liquid Dynamics Corp. v. Vaughan Co., Inc.,* No. 01-6934, 2004 WL 2260626 (N.D. Ill. Oct. 1, 2004).

[11] *Markman v. Westview,* 52 F.3d 967, 983 (Fed.Cir. 1995)(holding that legal experts' opinions do not bind the court or relieve the court of its obligation to construe a patent because the patent attorney's construction of the claims is entitled to no deference) .

[12] *See Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.,* 79 F.Supp.2d 252, 255 (W.D.N.Y. 2000)(finding that testimony concerning general patent application procedures may be helpful to the jury).

United States Patent Examiner, Mr. Gerstman is also likely able to provide some factual context for why Se-Kure's behavior may have been inequitable, but only in the narrow context that he is able to testify as to the materiality of the relevant prior art. If Mr. Gerstman can shed light on what a reasonable examiner would have considered important, his testimony is admissible. Should his testimony stray "into matters that are the exclusive purview of the court," such testimony must be curtailed.[13]

Se-Kure finally disputes Mr. Gerstman's reliance on facts that Se-Kure argues are fabricated. For example, Se-Kure again asserts that Mr. Gerstman's reference to a certain Montgomery Wards Kit sold in 1992 is incorrect because there only exists invoices for a sale of these alarm kits in late 1993. Se-Kure also notes several examples of Mr. Gerstman misstating the timing of events and referencing purported facts with no citations to evidence. The Court reiterates that any factual disputes should be resolved through cross examination. Such discrepancies do not warrant altogether barring Mr. Gerstman's testimony.

Evidence of inequitable conduct is effectively evidence of fraud.[14] Mr. Gertsman's testimony should, therefore, be heard by the Court outside the purview of the jury. This does not prejudice the jury because inequitable conduct is an issue decided exclusively by the court and separating the issues ensures that the jury will not be unduly influenced.[15]

---

[13] *Armament Sys. & procedures, Inc. v. IQ Hong Kong Ltd., et al.,* No 00-1257, 2007 WL 1267877 (E.D. Wis.)(holding that the motion to exclude the expert's testimony was denied).

[14] *Liquid Dynamics Corp.,* No. 01-6934, 2004 WL 2260626 at *7.

[15] *See THK Am., Inc. v. NSK, Ltd. & NSK Corp.,* No. 90-6049, 1996 WL 33398071 (N.D. Ill Jan. 9, 1996)(finding that separation of jury issues from those decided by the court, namely inequitable conduct, is warranted); *see also Agfa Corp. v. Creo Prod., Inc.,* 451 F.3d 1366, 1375 (Fed.Cir. 2006)(holding inequitable conduct is an equitable defense "that may be adjudicated by the trial court without a jury.").

### III. Conclusion

Se-Kure's motion to disqualify Diam's patent expert, Mr. Gerstman, is denied with certain limitations on the scope of Mr. Gerstman's testimony noted by the Court. Further status set for March 3, 2009 at 9:30a.m.

**IT IS SO ORDERED**

ENTERED: January 9, 2009

                                        U.S. Magistrate Judge
                                        Susan E. Cox